# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 14-cv-03437-REB-KMT

JARED R. BURDIN, Maj.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

The matter before me is respondent's **Motion To Dismiss** [#7],[1] filed January 7, 2015. I have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question). Because I find that plaintiff has failed to exhaust his available military remedies, I grant the motion.

By this action, petitioner seeks a writ of *coram nobis* challenging his 2011 military conviction for one count of rape with force.[2] **See Wall v. Kholi**, 562 U.S. 545, 552-53, 131 S.Ct. 1278, 1284-85, 179 L.Ed.2d 252 (2011). Such a writ is an appropriate vehicle

---

[1] "[#7]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although not specifically set forth in the motion, defendant's motion to dismiss implicates the standards of Fed. R. Civ. P. 12(b)(6). **See Steele v. Federal Bureau of Prisons**, 355 F.3d 1204, 1209 (10th Cir. 2003), **reversed on other grounds by Jones v. Bock**, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); **Ayyad v. Gonzales**, 2007 WL 324564 at *1 (D. Colo. Jan. 30, 2007). Thus, pursuant to the dictates of **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007), I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Twombly**, 127 S.Ct. at 1974).

in this case because petitioner has served his sentence and been released from custody. ***Chaidez v. United States***, – U.S. –, 133 S.Ct. 1103, 1106, 185 L.Ed.2d 149 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."). "[J]udgments of the military court system remain subject in proper cases to collateral impeachment." ***Schlesinger v. Councilman***, 420 U.S. 738, 758, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975).

Nevertheless, a petitioner seeking a writ of *coram nobis* must exhaust his administrative – or in this case, military – remedies before he may proceed in the federal courts:

> [I]mplicit in the congressional scheme embodied in the [Military] Code is the view that the military court system generally is adequate to and responsibly will perform its assigned task. We think this congressional judgment must be respected and that it must be assumed that the military court system will vindicate servicemen's constitutional rights. We have recognized this, as well as the practical considerations common to all exhaustion requirements, in holding that federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted.

***Id.***  More specifically, and contrary to petitioner's argument, collateral challenges, including by way of a writ of *coram nobis*, are among the remedies available from a military tribunal. ***See United States v. Denedo***, 556 U.S. 904, 917, 129 S.Ct. 2213, 2224, 173 L.Ed.2d 1235 (2009); ***Piotrowski v. Commandant, USDB***, 2009 WL 5171780 at *13  (D. Kan. Dec. 22, 2009).

Petitioner confesses he has not pursued available avenues of collateral attack in the military justice system. He nevertheless requests the court stay this action until such time as he can exhaust. In analogous circumstances, the Supreme Court has held that courts have the discretion to stay proceedings to allow a petitioner to exhaust. ***See Rhines v. Weber***, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). Nevertheless, the Court has cautioned that "stay and abeyance should be available only in limited circumstances:"

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

***Id.***, 125 S.Ct. at 1535. As petitioner has made no such showing here, I find a stay would be inappropriate.

**THEREFORE, IT IS ORDERED** as follows:

1. That respondent's **Motion To Dismiss** [#7], filed January 7, 2015, is granted;

2. That plaintiff's claims are dismissed without prejudice;

3. That judgment without prejudice shall enter on behalf of defendant, the United States of America, and against plaintiff, Maj. Jared R. Burdin, as to all claims and causes of action asserted herein; and

4. That this action is dismissed without prejudice.

Dated August 12, 2015, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

3